IN THE

# SUPREME JUDICIAL COURT,

FOR THE

# COUNTY OF CUMBERLAND,

# 1850.

---

### KENDRICK *versus* SMITH.

For the keeping of property attached by an officer, no person is bound to render his services without present pay.

A contract for such service, whether it were an express or an implied one, made with a deputy sheriff, is a personal one; the sheriff is not liable upon it.

Though the service of such keeper was taxed by the deputy on the writ, and included in the judgment, and though the execution had been collected by the sheriff, the keeper can maintain therefor no action against the sheriff, after the latter has paid the taxed costs to the attorney, upon his claim of lien for fees and disbursements.

An omission by the deputy to pay for the services of the keeper, is not such an omission as gives a remedy, *under the statute*, against the sheriff.

ASSUMPSIT.

The defendant was sheriff of this county. One Morse was his deputy. Upon a writ, *Reed* v. *Kimball & al.*, Morse attached a large cotton factory, with the materials for making cloth, &c. Among others, he employed the plaintiff as a keeper, and taxed upon the writ $76 for the plaintiff's services, which sum was allowed and included in the judgment.

Morse died, and the defendant collected the execution recovered in that suit, amounting to $3161,72. The attorney of the plaintiff in that suit claimed a lien for his fees and disbursements, on all the costs taxed on the writ, and they were paid to him by the defendant, on the settlement of the execution.

The plaintiff proved that, previous to this suit, he made a demand upon the defendant for his said services, to which the defendant replied, that he had paid over the same, as above stated, to the attorney of the original plaintiffs.

*Barrows*, for the plaintiff.

1. The sheriff is liable for all neglects and misdoings of his deputy in matters pertaining to his office. Revised Statutes, chap. 104, sect. 1; *Tyler* v. *Ulmer*, 12 Mass. 163; *Ingersoll* v. *Sawyer*, 2 Pick. 276; *Gardner* v. *Homer*, 6 Mass. 325, 375; *Warner* v. *White*, 4 Shepl. 53.

2. The expense of keeping goods attached, is a lien on the goods; and the sheriff may rightfully pay the keeper, even where the debtor agreed to discharge the keeper's fees. *Twombly & al.* v. *Hunnewell*, 2 Greenl. 221; *Tyler* v. *Ulmer*, 12 Mass. 163.

3. The case finds that the sheriff, in this instance, assumed the custody of the property, personally, on the death of his deputy, and of course subject to the same liabilities for expense of keeping. *Ingersoll* v. *Sawyer*, 2 Pick. 276.

4. The action should be maintained on the ground of public policy, for the keeper's services are for the benefit of the sheriff, and his bondsmen, as well as of the creditor, and his pay should be secure.

5. The fees of the plaintiff were taxed for him individually by name, in the same manner as aids of the officer, in criminal cases, have their fees taxed. The money, when realized from the sale of the property upon which the lien existed, belonged to plaintiff, and the act of defendant in paying it over to any other person, after notice, is unjustifiable, and the defendant is liable for the amount, as money had and received

to the plaintiff's use. *Tyler* v. *Ulmer*, 12 Mass. 163 ; *Hutchins* v. *Gilman*, 9 N. H. 359.

6. It is no answer to this, that the attorney of the creditors claimed his lien upon the judgment, for that lien extended only to the amount of his personal fees and disbursements in the suit, and it was the defendant's duty, knowing how this sum should be appropriated, to have satisfied the plaintiff's claim out of the same moneys collected on the execution, the plaintiff having in effect claimed his lien also. The attorney's lien did not extend to the keeper's fees. *Thompson* v. *Brown*, 17 Pick. 464 ; *Stone* v. *Hyde*, 22 Maine, 318 ; *Bailey* v. *Butterfield*, 4 Maine, 112.

7. As to this plaintiff, the sheriff and his deputy were one. Such is their legal identity, that the promise of the deputy was the promise of the sheriff. The latter may be viewed as the principal, and the former as his agent.

8. Our claim is upon the liability of the defendant himself. That liability was perfected by his own act. He took the property, subject to all its liens and burdens. This raised an implied promise by him to pay the plaintiff.

*Fox* and *G. F. Shepley*, for the defendant.

TENNEY, J. — This is an action of assumpsit against the defendant, as sheriff of this county, to recover compensation for the plaintiff's services, in aiding in the safe keeping of certain property, attached by the defendant's deputy, who has since died. The deputy made return of the attachment upon the writ, with the taxation of costs for the service, and for the expense in securing the property, including the charge made by the plaintiff, which was also embraced in the judgment, afterwards rendered. The execution, issued upon that judgment, was put into the hands of the defendant, who collected the full amount, with his own fees, in two certain drafts, one of which was in favor of the attorney who commenced and prosecuted the original suit, for the full amount of the costs taxed and other charges. This draft was delivered to the attorney, who receipted for the same on the execution, and the

other, which was for the debt and interest thereon, was passed to the creditors.

It does not appear that any express promise was made by the defendant, sufficient for the maintenance of the action. If he is liable at all, it must be on account of the relation existing between him and his deputy; his having received and collected the full amount of the execution; or upon the ground, that the plaintiff had a lien upon the judgment, as it is contended he had, for the payment of his claim.

"The sheriff shall be answerable for the misconduct, and all neglects of his deputies, while in office." R. S. chap. 104, sect. 10. This liability has been repeatedly held to extend only to the violation of official duty; and bonds, which sheriffs have usually taken of their deputies, have been restricted in their operation to security against the like delinquency, and have not been regarded as sufficient to sustain their promises. *Toby* v. *Leonard*, 15 Mass. 200; *Bailey* v. *Butterfield*, 14 Maine, 112.

The parties to a suit, or judgment and execution, who have been injured by a deputy sheriff, by reason of any of his omissions to do what his duty as an officer required him to perform, and strangers who have suffered by his official acts, have a remedy against the sheriff, commensurate with the injury received. But the deputy may be obliged for various reasons to make use of agencies, auxiliary to the full discharge of his duties, as a minister of the law, and for the services performed by those, employed by him, he is entitled to reasonable compensation, which is a just charge eventually, against the property attached and the debtor, if judgment is obtained for the creditor, and constitutes a part of the costs in the judgment. It often becomes necessary, that goods attached on mesne process should be removed, and that expense should be incurred afterwards in their safe custody. The persons employed for this purpose by the officer, who made the attachment, may be numerous, their services more or less important, some being entitled to a very small sum and others to a much larger, as compensation for their respective services, each as

they severally agree with the officer, or as the aid afforded may properly require. The individuals, who have thus assisted him in his duties, have done it under a personal contract, which renders the officer liable; but it cannot be contended, that each would have a claim against the sheriff, who appointed and commissioned the officer. Such a course would be attended with great delay and perplexity, for which there is no reasonable cause; for neither the agents employed by the officer are obliged to render these aids without present payment, nor is the officer himself required to enter upon the performance of his official labors, in precepts in civil proceedings, without an advance of his legal fees. The acts and omissions of the deputy, for which the sheriff is made liable, are tortious in their character, and therefore cannot properly be anticipated in all cases; hence the importance of a provision for the indemnity of those who may suffer thereby, such as the statute has provided. The deputy obtains the aid, which has been referred to, that neither he nor his principal should be liable for any claim for misconduct or negligence, and it could not have been intended by the authors of the statute, that the sheriff should be liable on the one hand for the omission of official duty in his servant, and for the means used by the latter to secure him for this liability on the other. It is quite obvious, that the omission of the deputy sheriff to compensate one, whom he employs to take charge of property attached by him, is not an omission contemplated by the statute.

The sheriff having assumed the custody of the property personally, after the death of his deputy, is holden for its safe keeping afterwards, to those who are interested therein, either as owners or attaching creditors, without having recourse to the sureties on the deputy's bond for any loss by his own neglects; but he is not thereby substituted, as it is contended, for the plaintiff, in the place of the deputy, and liable for his personal contracts; these contracts may be enforced according to their original import, between the parties thereto, or their rep-

resentatives ; but a stranger to such agreements, cannot be brought in as a new party, and made liable thereby.

The plaintiff has no lien upon the judgment, for the claim in suit. The creditor or owner of a judgment and execution is entitled to the full amount of the debt and costs, subject only to the lien of an attorney, for his fees and disbursements; this lien can be enforced against the debtors, notwithstanding the creditor has undertaken to discharge it, by the receipt of the full amount of the judgment. The officer who collects an execution is liable, upon demand, for the entire sum. Beyond the attorney's lien, he is not permitted to withhold from the creditor any portion, for the payment to others, of their charges, for services rendered in the securing of property attached, although making a part of the costs, for which judgment was recovered. It was not the design of the statute to extend its protection by a lien so far.

The defendant having paid the full amount of the execution and discharged the only lien thereon, must be held exonerated, and, according to the agreement of the parties, a

*Nonsuit must be entered.*